# UNITED STATES DISTRICT COURT

for

**WESTERN DISTRICT OF TENNESSEE**

FILED BY _____ D.C.

05 OCT -3 PM 2:00

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

U.S.A. vs. Louis E. Jones                          Docket No. 2:02CR20339-01

## Petition on Probation and Supervised Release

**COMES NOW** Lorin J. Smith, **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Louis E. Jones, who was placed on supervision by the Honorable Jon Phipps McCalla United States District Judge, sitting in the Court at Memphis, Tennessee on the 12th day of September, 2003, who fixed the period of supervision at two (2) years*, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall undergo drug testing and drug treatment as directed by the Probation Office.

\* Supervised Release began on August 27, 2004.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
*(If short insert here; if lengthy write on separate sheet and attach)*

### SEE ATTACHED

**PRAYING THAT THE COURT WILL ORDER** that **SUMMONS** be issued for Louis E. Jones to appear before the United States District Court to answer to charges of violation of Supervised Release.

**ORDER OF COURT**

Considered and ordered this 3 day of Oct., 2005, and ordered filed and made a part of the records in the above case.

_____
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _September 26, 2005_

_____
Lorin J. Smith
U.S. Probation Officer

Place: Memphis, Tennessee

RE:   Louis E. Jones
      Docket No. 2:02CR20339-01
      Probation Form 12
      Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall not commit another federal, state or local crime.**

On August 18, 2005, Louis E. Jones was charged by the Marked Tree, Arkansas Police Department for the offense of Felony Theft, and Driving on a Suspended Drivers License.

An employee of the City of Marked Tree called the police department when he observed that someone was stealing a trailer, belonging to the City of Marked Tree from behind the Dollar General Store. Upon arrival, Marked Tree Police Officer, J. Crum, observed a cream colored Dodge pick up truck pulling a tandem trailer from behind the Dollar General Store.

During questioning, Mr. Louis E. Jones stated that he was going to borrow the trailer to pick up pallets and boxes at Mid-South Manufacturing. The trailer is a 16 foot trailer valued at over $800.00 and is one of several used by the City of Marked Tree to collect cardboard.

Mr. Jones has been released from custody on this matter on a $10,000 bond. Mr. Jones is scheduled to appear in Poinsett, County Court on October 5, 2005.

**The defendant shall not leave the judicial district without the permission fo the court or probation officer.**

On August 8, 2005, Louis E. Jones left the Western District of Tennessee, and went to Marked Tree, Arkansas. Mr. Jones left the judicial district without the permission of the Probation Officer.

**The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.**

Louis E. Jones was questioned and arrested on August 18, 2005 by the City of Marked Tree Police Department, he failed to notify the Probation Officer of his arrest or questioning.

# VIOLATION WORKSHEET

1. **Defendant:** Louis E. Jones, 4082 Slumber Lane, Memphis, TN 38127

2. **Docket Number:** 2:02CR20339-01

3. **District/Office:** Western District of Tennessee, Memphis

4. **Original Sentence Date**  September / 12 / 2003
   month / day / year

*(If different than above):*

5. **Original District/Office:**

6. **Original Docket Number:**

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation(s) | Grade |
|---|---|
| New Criminal Conduct: Felony Theft | B |
| Leaving the Judicial District | C |
| Failure to Notify Probation Officer of Arrest | C |

8. Most Serious Grade of Violation (see §7B1.1(b)) — **B**

9. Criminal History Category (see §7B1.4(a))74 — **V**

10. Range of imprisonment (see §7B1.4(a)) — **18 - 24 months**

    The Statutory Maximum is 24 months.

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

    { } (a) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, § 7B1.3(c)(1) provides sentencing options to imprisonment.

    { } (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, § 7B1.3(c)(2) provides sentencing options to imprisonment.

    {X} (c) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

**Defendant: Louis E. Jones**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine community confinement, home detention, or intermittent confinement Previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see § 7B1.3(d)}:

    Restitution____N/A_____          Community Confinement____N/A_____

    Fine_____N/A_____              Home Detention_____N/A_____

    Other/Special Assessment __N/A__      Intermittent Confinement____N/A_____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of § §5D1.1-1.3 {see § §7B1.3(g) (1)}.
    Term:

    If supervised release is revoked and the term of imprisonment imposed is less than the maxim term of imprisonment upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g) (2)}.

    Period of supervised release to be served following release from imprisonment: [___]

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. **Official Detention Adjustment {see §7B1.3(e)}: [Adjust Months] months [Adjust Days] days**

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 38 in case 2:02-CR-20339 was distributed by fax, mail, or direct printing on October 3, 2005 to the parties listed.

---

John Thomas Tibbetts
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT